IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>Plaintiff,<br><br>vs.<br><br>KAUAI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>Defendants. | CIVIL NO. 21-00085 DKW-RT<br><br>ORDER: 1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER; AND 2) DENYING MOTION TO APPOINT COUNSEL/REQUEST ALL RECORDS FROM KCCC AND OCCC |

Before the Court is pro se Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 2, and his Motion to Appoint Counsel/Request All Records from KCCC and OCCC ("Motion"), ECF No. 3. Scaperotta is currently incarcerated at the Kauai Community Correctional Center. For the following reasons, the IFP Application and Motion are DENIED.

## I.  **IFP APPLICATION**

The IFP Application lacks an account statement for the preceding six months showing all deposits and withdrawals to Scaperotta's account during that period. *See* ECF No. 2 at 2; 28 U.S.C. § 1915(a)(2). Scaperotta's IFP Application is DENIED as incomplete.

Scaperotta is DIRECTED to submit a complete IFP Application on the proper form containing: (1) certification by prison officials of the amount currently in his prison account; (2) an account statement for the preceding six months showing all deposits and withdrawals to Scaperotta's account during that period; and (3) Scaperotta's consent to the withdrawal of funds from his account. Failure to pay the filing fee or submit a complete IFP Application on or before **FEBRUARY 26, 2021**, will result in automatic dismissal of this suit without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any future filings until Scaperotta pays the filing fee or is granted IFP status.

## II.  MOTION TO APPOINT COUNSEL/REQUEST ALL RECORDS FROM KCCC AND OCCC

Scaperotta also moves the Court to appoint counsel and he requests "all records" from the KCCC and the OCCC. *See* ECF No. 3 at PageID # 12.

There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). A court may request, but cannot compel, counsel to appear *pro bono* on a plaintiff's behalf. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). The Court's discretion to appoint *pro bono* counsel is governed by several factors, including a plaintiff's likelihood of

success on the merits and ability to articulate the claims in light of their complexity. A plaintiff must also show "exceptional circumstances" that support the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Scaperotta seeks appointment of counsel because he is "mentally disabled." ECF No. 3 at PageID # 12. Scaperotta can read and write and is able to coherently articulate his claims. Further, all pro se prisoners' ability to litigate a case is hampered to some extent by their indigency and incarceration. A cursory review of Scaperotta's claims does not reveal that they are particularly complex or show exceptional circumstances supporting the appointment of counsel. Importantly, the Court has not screened Scaperotta's Complaint to determine whether it states a plausible claim for relief against the named Defendants and should be served because Scaperotta has not yet paid the court filing fee or shown that he qualifies for IFP status. Until then, it is impossible to determine Scaperotta's likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here. *Terrell*, 935 F.2d at 1017. Scaperotta's Motion to Appoint Counsel is DENIED without prejudice to his refiling another request after his Complaint has been screened and served, and Defendants have filed an Answer or other response.

To the extent Scaperotta also requests "all records" from the KCCC and the OCCC, that request is also premature. Discovery will be available to Scaperotta if, after screening the Complaint, the Court determines that it states a plausible claim for relief and directs service. This is request is therefore DENIED without prejudice.

### III. CONCLUSION

(1) Scaperotta's Application to Proceed In Forma Pauperis by a Prisoner is DENIED as incomplete.

(2) Scaperotta is DIRECTED to submit a complete IFP Application on or before **February 26, 2021**.

(3) The Clerk is DIRECTED to send Scaperotta an Application to Proceed In Forma Pauperis by a Prisoner so that he can comply with this Order.

//

//

//

//

//

//

(4) Scaperotta's Motion to Appoint Counsel/Request All Records from KCCC and OCCC is DENIED.

IT IS SO ORDERED.

DATED: **February 12, 2021** at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Christopher Jay Scaperotta v. Kauai Cmty. Corr. Ctr., et al.*; Civil No. 21-00085 DKW-RT; **ORDER: 1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER; AND 2) DENYING MOTION TO APPOINT COUNSEL/REQUEST ALL RECORDS FROM KCCC AND OCCC**